Thank you, may it please the court. My name is Amelia Bizarro and I represent the appellant Oscar Thomas in this case Ultimately this case is about whether trial counsel was ineffective For failing to I guess that means we really make it tough on lawyers to argue. Don't we I Guess I'll be able to catch my train. I can see mr. Wasserman's wondering whether you can get back to New York So Ultimately, that should do it. Okay. Thank you your honor So whether or not counsel was ineffective for failing to consult a forensic expert and attack the medical evidence Which here was important evidence. It's the main thing that the state used to argue that Thomas Intentionally killed his wife not accidentally or otherwise But really this case is about this standard of review in an ineffective assistance of counsel claim on habeas This case is analogous to the relatively common Situation in which state courts decide one prong of the Strickland analysis But not the other and the courts have long said that in that case The prong that was not addressed by the state court is entitled to de novo review and the prong that was addressed May be entitled to deference But here Clemens is trying to argue that Atkins versus zinc a case from this court in early 2012 It changes the landscape a little bit and that it's not just for this court to look at the last reasons decision Determine whether one prong was addressed or not, but where a prong was not addressed that it should reach back through The previous decision if there is one and looked at and see if it was addressed there And I think that changes the landscape completely as we argued in our briefs the Big I think dispute is between Atkins and Woolley which came out at the end of 2012 and The in Clemens is arguing that these things are distinguishable But really they're not in in Woolley. It was a similar situation the state court of Appeals Only addressed prejudice, but the state post-conviction court addressed deficient performance. That's exactly the situation arguably that we have here and the court said that it rejected the argument that it should sort of group them together and it found that Ineffective assistance of counsel claims they are divisible and you look to the last reasoned decision It rejected the novel approach the state had recommended in that case And said it reaffirmed anyway that when there are multiple decisions This court looks to the last reasoned one unless the court adopts or somehow incorporates that lower courts decision in Here we have ultimately a three sentence decision and the last sentence was citations And so the court just said we're rejecting your ineffective claim. It's not prejudicial. It didn't incorporate Anything from the lower court it stands on its own Atkins on the other hand was a case in which this paragraph that Clemens is pulling from was part of the court's Sort of normal standard of review explanation as provided in every case. It wasn't a case about standard of review It's something that was made almost in passing where in Woolley the court was analyzing standard of review and so I think that as we said in our briefs this court looks to the last reasoned decision and In this case, that was the State Court of Appeals decision where it did not address deficient performance performance and it only addressed prejudice And so in that case de novo for deficient performance Moving on to the prejudice prong we argued as the district court found that it is also de novo there because the state court got the test wrong and it's not as Clement argues a Sort of shorthand version of the test and there are two cases that cited in the briefs that specifically address this issue Is that the Wisconsin Court of Appeals seems to at least on more than one occasion sort of truncate that test and this court has said No, that's not. Okay words matter and you're applying the wrong test. And so that's why that prong is also de novo and Then applying that test we believe that Thomas is entitled to relief because there the fact that council did not seek a forensic and Expert or attack the medical evidence did in fact prejudice him for all the reasons we kind of bulleted in the briefs and I don't does the court have any I guess all right. Okay. Thank you May it please the court the overarching issue is whether Council rendered ineffective assistance when he failed to consult with a forensic pathologist regarding cause of death It's the warden's view that in looking at the state courts decisions It looks it should look to the post-conviction courts determination that there was no deficient performance and accord that determination the deference it's due under EDPA and Determining prejudice that you look at the Wisconsin Court of Appeals decision and also accord deference to that decision Contrary to what my opponent has argued the warden's view is that Atkins versus zinc is directly on point where you have two state court decisions each one addressing solely one of the prongs of the Strickland test for ineffective assistance and in both cases the state court ruled in favor of the state's position Wooley versus Rednauer is Distinguishable on that basis because they're the Indiana I believe it was Indiana the trial court ruled in favor of the defendant on One of the prongs of Strickland and in that kind of situation No deference is due to the trial courts decision. It works only one way The decision in Atkins versus zinc is consistent with an 11th Circuit decision cited in our brief Hammond Where the court there found that where you have two state court decisions each one addressing a different prong of Strickland Each decision is entitled to deference So it is our view the warden's view that under Atkins the post-conviction courts Finding that there was no deficient performance and failing to consult with a forensic expert Gets deferential review with respect to the second prong. It's true that the Wisconsin Court of Appeals in Describing Strickland's prejudice prong did not use the terminology reasonable probability but that's the same situation this court confronted in the Sussman case from 2012 and in Sussman even though the Wisconsin Court of Appeals Likewise omitted the reasonable probability test this court looked to the fact that the state court had cited a Decision called state versus Johnson which cited the correct test and that it was also clear From the court's decision that it found no reasonable probability of a different result had Sussman's attorney introduced a note from a counselor Into evidence and similarly here the Wisconsin Court of Appeals cited two state court decision decisions Reed and Motes both of which cite the correct standard of prejudice under Strickland and in addition in disposing of Thomas's claim that he was entitled to a new trial based on newly discovered evidence in the form of Dr. Tease's testimony the court specifically found that there was no reasonable probability That had Thomas introduced Testimony like that given by Dr. Tease at the post conviction hearing that there was no reasonable probability of a different outcome on the appeal For these reasons the warden asked that this court affirm the district courts decision Rejecting Thomas's claim of ineffective assistance if there are no further If there are no questions the warden relies on his brief Thank you your honors Thank you your honor just very briefly Adkins in the the theory that the comments just provided is from Judge Griesbach in the Jensen decision specifically in denying a motion to reconsider that comments had filed and so that's His sort of theory of distinguishing the two cases and one that didn't really apply in Jensen But that's not from the analysis in Woolley and again Adkins didn't do any standard of review Analysis, it's just a simple paragraph Right before it got into the ineffective assistance of counsel section, so I don't think that Their viewpoint of the differences matter or applies here and secondly Sussman doesn't help Clemens first in that case the in the trial court the post conviction court they Said that there was no ineffective assistance on the first claim there were two ineffective claims one that the trial counsel failed to file a pretrial motion and secondly that it didn't try to get a note from a therapist into evidence on that first issue the trial court said that Whether it didn't really address deferent or deficient performance or prejudice that just that doesn't matter because that motion never would have been granted in the first place on the Second issue it said we're gonna presume deficient performance and find that wasn't prejudicial in The Court of Appeals they bypassed both in both claims They bypassed deficient performance and just look to prejudice Now again the situation that we have here and this court looked just at it applied deference to prejudice It did not apply it to deficient performance. And so I think that is in support of Thomas's argument But more than that what Sussman says is that for there to be the shorthand test where that reasonable probability language is left off It has to be that the court cited the proper cases and Applied them and here even if we Agree that it's cited cases that correctly included the test in that three-sentence decision It's very clear that it never applied them and that's why Sussman doesn't apply and for these reasons we're asking the court to Excise that language from Atkins that the government is or mr Clements is using and to reverse the lower courts decision and grant habeas. Thank you Thank you, mr. Zorro Miss Miller is bizarro. I want to extend the additional Thanks of the court for accepting this appointment and ably representing the petition. Thank you. Thank you for the appointment case is taken under advisement